IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY MARQUET CAMPBELL,

            Plaintiff,                     No. CIV S-05-563 LKK GGH P

      vs.

J. SCOGIN, et al.,

            Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. By order filed on July 15, 2005, plaintiff's complaint was dismissed with leave granted to file an amended complaint. Plaintiff filed an amended complaint which did not cure the defects of the original.

        Plaintiff has been previously informed that the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

\\\\\

1          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7 Cir. 1989); Franklin, 745 F.2d at 1227.

8          A complaint, or portion thereof, should only be dismissed for failure to state a

9 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

10 of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &

11 Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also

12 Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing

13 a complaint under this standard, the court must accept as true the allegations of the complaint in

14 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

15 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

16 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17          In his original complaint, plaintiff alleged that several members of the correctional

18 staff had deprived him of his right to due process by failing to issue timely the findings of a

19 February 17, 2005 CDC 115 Rules Violation prison disciplinary action, wherein plaintiff was

20 assessed a 30-day credit loss.  Plaintiff sought money damages.  Plaintiff's complaint was

21 dismissed, pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), with leave

22 granted for plaintiff to amend to demonstrate that the prison disciplinary action at issue had been

23 invalidated or expunged.  See Order, filed on July 15, 2006.  The amended complaint fails

24 altogether to do that.

25          Instead, in the amended complaint, plaintiff largely reiterates that defendants J.

26 Scogin, D. Rosensteel, G. Moreno, A. Pereira, G. Nies, B. Jackson were aware that a written

report of the findings and disposition of his February 17, 2005 CDC 115 Rules Violation hearing

was supposed to issue within five working days, but apparently staff failed to provide the report

until March 7, 2005.  See Amended Complaint.  Plaintiff does not state how the alleged

untimeliness of the issuance of the findings and disposition of the hearing deprived him of due

process and does not even state the relief he seeks in the amended complaint.  Plaintiff also does

not show that the prison disciplinary conviction has been invalidated.

   As the court set forth in the prior order, in Heck v. Humphrey, 512 U.S. 477, 114

S. Ct. 2364, an Indiana state prisoner brought a civil rights action under § 1983 for damages.

Claiming that state and county officials violated his constitutional rights, he sought damages for

improprieties in the investigation leading to his arrest, for the destruction of evidence, and for

conduct during his trial ("illegal and unlawful voice identification procedure").  Convicted on

voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive

relief or release from custody.  The United States Supreme Court affirmed the Court of Appeal's

dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions
> whose unlawfulness would render a conviction or sentence invalid,
> a § 1983 plaintiff must prove that the conviction or sentence has
> been reversed on direct appeal, expunged by executive order,
> declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance
> of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages
> bearing that relationship to a conviction or sentence that has not
> been so invalidated is not cognizable under 1983.

Heck, 512 U.S. at 486, 114 S. Ct. at 2372.  The Court expressly held that a cause of action for

damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the

conviction or sentence has been invalidated, expunged or reversed.  Id.  Plaintiff may file a

habeas corpus action (commenced in state court) to attempt to get the disciplinary expunged.

   In Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997), the Supreme Court

held that Heck applies to challenges to prison disciplinary hearings when the nature of the

1  challenge to the procedures could be such as necessarily to imply the invalidity of the judgment.

2  Edwards rejected the Ninth Circuit's holding in Gotcher v. Wood, 66 F.3d 1097, 1099 (9th Cir.

3  1995) that a claim challenging only the procedures employed in a disciplinary hearing is not

4  barred by Heck.[1]

5        In addition to failing to demonstrate in his amended complaint that this action is

6  not barred by Heck, supra, more fundamentally, plaintiff has not complied with Fed. R. Civ. P 8,

7  which sets forth general rules of pleading in the federal courts.  Complaints are required to set a

8  forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of

9  the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  The

10 amended complaint meets none of these requirements.  Rule 8 requires "sufficient allegations to

11 put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795,

12 798 (9th Cir. 1991)).  Accord Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir.

13 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice

14 requirement of  Rule 8.)

15       The amended complaint does not contain sufficient allegations to put defendants

16 fairly on notice.  See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957);

17 Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with

18 vague and scanty allegations fails to satisfy the notice requirement of  Rule 8); 5 C. Wright & A.

19 Miller, Federal Practice and Procedure § 1202 (2d ed. 1990).

20       Having granted plaintiff an opportunity to cure the defects of his original

21 complaint, it is evident by his even more defective amended complaint, that plaintiff is unable to

22 do so.  "Under Ninth Circuit case law, district courts are only required to grant leave to amend if

23

24        [1] To the extent that plaintiff may be seeking restoration of time credits, he has not
invoked the proper vehicle.  "Challenges to the validity of any confinement or to particulars
25 affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500,
93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)...."  Muhammad v. Close, 540 U.S.749-750, 124 S.Ct.
26 1303-1304 (2004) (per curiam).

4

1  a complaint can possibly be saved.  Courts are not required to grant leave to amend if a complaint

2  lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).  See also, Smith v.

3  Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing

4  Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to

5  amend even if no request to amend the pleading was made, unless it determines that the pleading

6  could not be cured by the allegation of other facts.").  For the reasons set forth above, this court

7  finds that plaintiff's amended complaint is frivolous and fails to state a claim, with defects for

8  which no additional amount of amendment could provide a cure, and for which the undersigned

9  has little alternative but to recommend dismissal.

10         Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for

11  failure to state a claim.

12         These findings and recommendations are submitted to the United States District

13  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

14  days after being served with these findings and recommendations, plaintiff may file written

15  objections with the court.  Such a document should be captioned "Objections to Magistrate

16  Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections

17  within the specified time may waive the right to appeal the District Court's order.  Martinez v.

18  Ylst, 951 F.2d 1153 (9th Cir. 1991).

19  DATED: 5/10/06

                                        /s/ Gregory G. Hollows

20                                      _____

21                                      GREGORY G. HOLLOWS
                                        UNITED STATES MAGISTRATE JUDGE

22  GGH:009
    camp0563.fr

23

24

25

26